JUSTICE RICE
concurring in part and dissenting in part.
¶75 I concur with the Court except for its holding in Issue 3 that the District Court did not err in allowing Schonrock to introduce evidence in regard to Plaths’ over-collection claim. In its analysis of this issue, and of the similar question addressed in Issue 4, the Court correctly cites to the controlling authority, but in my view fails to properly apply this authority in deciding Issue 3.
¶76 Schonrock’s contention number 7 in the pre-trial order clearly stated that Schonrock “agrees he owes the Plaintiffs $1,441 for changes made during the course of construction.” This admission against Schonrock’s own interest could not have been a more “unequivocal” statement of fact, and therefore, met the standard for binding admissions which the Court applies from DeMars v. Carlstrom.
¶77 However, the Court finds in ¶ 50 that this admission “does not say that the matter is closed to the extent that the sum cannot be used as an offset.” Relying on Nentwig v. United Industry, Inc., the Court *120 reasons that the District Court did not abuse its discretion because the question of what issues are to be decided at trial “extends to a determination as to whether the ends of justice implore that the issue nonetheless be introduced into the litigation,” even if the issue was not specified in the pre-trial order.
¶78 We emphasized in Nentwig that “the pretrial order ‘should be liberally construed to permit any issues at trial that are “embraced within its language.’” ... But the theory or issue must be at least implicitly included in the pretrial order.” Nentwig, 256 Mont. at 139, 845 P.2d at 102. We further emphasized that “failure to raise an issue in the pretrial order may result in a waiver.” Nentwig, 256 Mont. at 138, 845 P.2d at 102. The Nentwig Court affirmed the District Court’s insertion of an issue in the trial because “the issue was implicit in those raised,” and was thus embraced within the language of the pretrial order. Nentwig, 256 Mont. at 140, 845 P.2d at 103. The same cannot be said for the issue raised in the trial here.
¶79 As the Court acknowledges, Schonrock had decided not to pursue his counterclaim against Plaths when the pre-trial order was drafted and signed. He thus failed to claim setoff as an affirmative defense in the pre-trial order, as required. Because the defense was neither embraced within the language nor otherwise implicit within the pretrial order, Schonrock waived the issue. Nentwig, 256 Mont. at 139-40, 845 P.2d at 102-03.
¶80 The Court’s reasoning on Issue 4 is correctly premised upon our authority: “Schonrock waived this theory or defense by not including it in the final pretrial order as an issue of fact to be determined by the trier of fact at the time of the trial.” See ¶ 56.1 would likewise apply this sound reasoning to Issue 3 and reverse on this issue. I dissent from our failure to do so.
JUSTICE TRIEWEILER and JUSTICE NELSON join in the foregoing concurring and dissenting opinion of Justice Rice.